UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MILLER'S ALE HOUSE, INC.,

    Plaintiff,

v.                                         Case No:   6:15-cv-1109-Orl-22TBS

DCCM RESTAURANT GROUP, LLC,

    Defendant.

## ORDER

This case comes before the Court without oral argument on Defendant's Motion to Stay Discovery (Doc. 22). Defendant seeks "to stay discovery in this case pending the Court's ruling on Defendant's motion to dismiss." (Id.). Plaintiffs have filed a response in opposition to the motion (Doc. 28). For the reasons that follow, Defendant's motion is due to be **DENIED**.

### I. Background

Plaintiffs filed this action on July 8, 2015, under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; the Florida Deceptive and Unfair Trade Practices Act, FLA. STAT. § 501.201 *et seq.*; and Florida common law for "unfairly competing against Plaintiff by using outdoor signage at its restaurant to attract customers that is nearly identical to Plaintiff's signage." (Doc. 1, ¶ 19). Plaintiff alleges that Defendant's signage uses the phrase "Ale House" "preceded by the geographic location of the particular restaurant" in a similar font, color, and style as Plaintiff's signs. On September 18, 2015, Defendant moved to dismiss the complaint for failure to state a claim under FED. R. CIV. P. 12(b)(6) on the basis that Plaintiff's claims are barred by issue preclusion in that the 11th Circuit has already

determined that Plaintiff "has no protectable interest in the words 'ale house' because they are generic words for a facility that serves beer and ale, with or without food." (Doc. 21, p. 1 (quotations omitted)). Plaintiff's response to the motion to dismiss is due October 19, 2015 (Doc. 26). Defendant seeks a stay of all discovery until the Court rules on the motion to dismiss.

## II. Standard

District courts have inherent power to control their dockets and manage their cases. The Andersons, Inc. v. Enviro Granulation, LLC, No. 8:13-cv-3004-T-33MAP, 2014 WL 4059886, at * 2 (M.D. Fla. Aug. 14, 2014). This includes the discretionary power to enter a stay of the proceedings. Id. The decision whether to enter a stay requires a weighing of the parties' competing interests and the maintenance of an even balance in the case. Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936); AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC, No. 08-80611-CV, 2012 WL 602709, at * 2 (S.D. Fla. Feb. 23, 2012).

Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citing Kron Med. Corp. v. Groth, 119 F.R.D. 636 (M.D. N.C. 1988)). "'In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.'" Holsapple v. Strong Indus., Inc., No. 2:12-cv-355-UA-SPC, 2012 WL 3946792, at *1 (M.D. Fla. Sept. 10, 2012) (quoting Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550 (11th Cir. 1985)). The

party moving for a stay of discovery has "the burden of showing good cause and reasonableness." Feldman, 176 F.R.D. at 652 (citing Howard v. Galesi, 107 F.R.D. 348 (S.D.N.Y. 1985)).

### III. Discussion

Defendant contends that the Court should stay discovery because it "is a small business" that "owns a small, independent restaurant … and does not have the same resources at its disposal that a large chain like Miller's does for addressing discovery." (Doc. 22, p. 4). "Discovery is expensive and time consuming" and, according to Defendant, "may also be entirely unnecessary if this Court agrees with DCCM that Miller's is collaterally estopped from retrying issues regarding rights the Eleventh Circuit already told Miller's it does not have." (Id. at p. 2). Defendant also cites Chudasama v. Mazda Motor Corp., 123 F.3d 1353 (11th Cir. 1997), and argues that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should … be resolved before discovery begins." (Doc. 22, p. 2). Defendant's arguments are not well taken.

First, Defendant's reliance on Chudasama is misplaced. In Chudasama, the district court failed for more than a year and a half to rule on a motion to dismiss, and it repeatedly failed to rule on the defendant's objections to abusive discovery propounded by the plaintiffs. Chudasama, 123 F.3d at 1356-60. Eventually, the district court entered orders compelling discovery and sanctioning the defendant. Id. at 1364. On appeal, the Eleventh Circuit vacated the district court's orders and directed that the case be reassigned to a different judge. Id. at 1374. Here, the parties have not even begun discovery, Defendant's motion to dismiss is not yet fully briefed, and the Court has not shirked or delayed the exercise of any of its responsibilities.

Defendant also misinterprets the holding in Chudasama. As the Eleventh Circuit has stated, it "only found an abuse of discretion [in Chudasama] because the district court ordered the parties to engage in substantive discovery despite failing to rule on the defendants' motion to dismiss for over eighteen months." Zow v. Regions Fin. Corp., 595 F. App'x 887, 889 (11th Cir. 2014). As this and other courts have explained, "Chudasama and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.'" Houston v. 7-Eleven, Inc., No. 2:14-cv-441-FtM-29CM, 2015 WL 412523, at *1 (M.D. Fla. Jan. 30, 2015) (quoting Koock v. Sugar & Felsenthal, LLP, No. 8:09-CV-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009)). See also S. Motors Chevrolet, Inc. v. General Motors, LLC, No. CV414-152, 2014 WL 5644089, at *1 (S.D. Ga. Nov. 4, 2014); Latell v. Triano, No. 2:13-cv-565-FtM-29CM, 2014 WL 5822663, at *1 (M.D. Fla. Feb. 28, 2014); Holsapple v. Strong Indus., Inc., No. 2:12-cv-355-UA-SPC, 2012 WL 3946792 (M.D. Fla. Sept. 10, 2012); Gannon v. Flood, No. 08-60059-CIV, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008).

Defendant argues that it "is a small business" and that "[d]iscovery is expensive and time consuming," (Doc. 22, pp. 2-3), but it has not shown that discovery will be unduly burdensome. Indeed, Plaintiff has not yet propounded discovery requests, so there is no indication that discovery will be unusually or unnecessarily expensive or time consuming. Defendant argues that Plaintiff "does not need discovery in order to respond to the motion" to dismiss (id. at p. 4), but that adds nothing to the argument, because discovery is not necessary for the resolution of the motion to dismiss for failure to state a claim.

Finally, having reviewed Defendant's motion to dismiss, it is not readily apparent

that it will be granted, or case dispositive. Even if the motion is granted, it is likely that Plaintiff will be given leave to amend. Under these circumstances, the Court is not persuaded that a stay of discovery will do more good than harm. Accordingly, Defendant's Motion to Stay Discovery (Doc. 22) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 16, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record