## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MILLER'S ALE HOUSE, INC.,**

    **Plaintiff,**

**v.**               **Case No:  6:15-cv-1109-Orl-22TBS**

**DCCM RESTAURANT GROUP, LLC,**

    **Defendant.**

_____

## ORDER

This cause comes before the Court on Plaintiff Miller's Ale House, Inc.'s ("Miller's") Objection and reply in support thereof, (Doc. Nos. 46 & 54), to the Magistrate Judge's Report and Recommendation ("R&R"), (Doc. No. 45). Defendant DCCM Restaurant Group, LLC ("DCCM") responded in opposition, (Doc. No. 50). The R&R recommended that DCCM's Motion to Dismiss be denied, and that DCCM's Motion for Summary Judgment (Doc. No. 21) be granted. Miller's Request for Oral Argument (Doc. No. 46 at p. 19) regarding its Objection to the R&R will be denied. Oral argument is unnecessary because the issues are clear. For the reasons stated herein, the Court will adopt and confirm the R&R and will grant DCCM's Motion for Summary Judgment.

## I.  BACKGROUND

On July 8, 2015, Miller's filed a complaint against DCCM for false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for Florida common law unfair competition; and for violations of Florida's Deceptive and Unfair Trade Practices Act. (Doc. No. 1). Miller's operates approximately seventy sports bar restaurants throughout Florida and the United States. (*Id.* ¶¶ 7–8). On each of its restaurants, Miller's uses a

similar, but not always identical, sign. Sometimes the sign appears with the name Miller's in italics preceding a geographical prefix and followed by the phrase "ale house;" and other times the sign omits "*Miller's*" and contains only a geographical prefix and "ale house." (*Id.* ¶ 10). For example, Miller's signs often read: "*Miller's* ORLANDO ALE HOUSE," or simply "ORLANDO ALE HOUSE."[1] (Doc. No. 30 at p. 10). The sign generally appears in red letters. (*Id.* ¶ 12). Miller's admits that its signage varies by location, and that its signs do not always include the name Miller's nor do they always use italics. (*Id.* ¶ 11; *see also*, Doc. No. 30 at pp. 10–11).

The basis of Miller's complaint is that DCCM is utilizing a sign for its sports bar restaurant that is confusingly similar to Miller's signs thus causing confusion as to the origin of DCCM's restaurant. (*Id.* ¶ 20). DCCM's restaurant, located in Davenport, Florida, is called Davenport's Ale House. (*Id.* ¶¶ 20–21). The Davenport's Ale House sign is comprised of Davenport's in italics preceding the phrase "ale house." (*Id.*) For example, "*Davenport's* ALE HOUSE." (*Id.*) Miller's contends that the relevant public, central Florida, associates an italicized word followed by ALE HOUSE with Miller's restaurants, regardless of the nature of the italicized word. (*Id.* ¶ 14).

At this juncture, it is necessary to briefly summarize Miller's prior litigation as it is relevant to this case. In 2000, Ale House Management, Miller's predecessor,[2] brought a lawsuit against the "Raleigh Ale House" in North Carolina for, among other claims, trademark and trade dress infringement. *Ale House Mgmt, Inc. v. Raleigh Ale House, Inc.*, 205 F.3d 137, 139 (4th Cir. 2000). The Fourth Circuit concluded that Miller's had no protectable interest in the phrase "ale house"

---

[1] Miller's provides the following variations of its signage found on its restaurants in the central Florida area: ORLANDO ALE HOUSE, *Miller's* ORLANDO ALE HOUSE, *Miller's* ALE HOUSE, *Miller's* WINTER PARK ALE HOUSE, OCALA ALE HOUSE, and DAYTONA ALE HOUSE. (Doc. No. 30 at pp. 10–11).

[2] "Miller's is the direct successor in interest of [Ale House Management]." *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 745 F. Supp. 2d 1359 (S.D. Fla. 2010).

because they are generic words. *Id.* at 141. Subsequently, in 2010, Miller's brought a lawsuit against a company who opened a "Carolina Ale House" in Boynton Beach, Florida. *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 745 F. Supp. 2d 1359 (S.D. Fla. 2010). Once again, Miller's sought to litigate its trademark rights because another restaurant was using similar restaurant signage. *Id.* At issue in Miller's Florida case was the mark "[geographical prefix] ALE HOUSE." *Id.* at 1364. The Southern District found that issue preclusion barred Miller's claim because the Fourth Circuit had already determined that "ale house" is generic, and Miller's had failed to present evidence showing that it had "recaptured" the generic term "ale house." *Id.* at 1372–73. In 2012, the Eleventh Circuit affirmed, emphasizing that "Miller's still has no protectable interest in the words 'ale house.'" *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 702 F.3d 1312, 1321 (11th Cir. 2012). Additionally, the Eleventh Circuit found that Miller's had no protectable trade dress either—"[w]e find nothing particularly unique in a restaurant fixing its name in red letters on the outside of its building . . . ." *Id.* at 1324.

In the present case, Miller's argues that this is not a lawsuit to re-litigate the generic phrase "[geographical prefix] ALE HOUSE." (Doc. No. 30 at p. 2). Rather, Miller's contends that this is a claim for unfair competition. (*Id.*) On September 18, 2015, DCCM filed a 12(b)(6) motion to dismiss the complaint and a motion for summary judgment. (Doc. No. 21). DCCM contends that Miller's claim is substantively one for trademark infringement but is being disguised as an unfair competition claim. (*Id.* at p. 9). Importantly, Miller's seeks to re-litigate the same issue the Eleventh Circuit decided three years ago. (*Id.*) DCCM argues that generic terms cannot be the basis of an unfair competition claim for false designation of origin under 15 U.S.C. § 1125(a) because such a claim requires a plaintiff to prove rights in a valid, protectible mark. (*Id.* at pp. 16–17). DCCM emphasizes that Miller's claim based on red signs, ale house with a geographical

prefix, and italics is materially similar to the issue already decided by the Eleventh Circuit, with the additional claim that Davenport's use of italics constitutes unfair competition. (*Id*. at p. 15). DCCM emphasizes that Miller's does not use italics consistently on its buildings, nor do any of its signs italicize the geographical prefix. (*Id*. at pp. 15–17; Doc. 50 at p. 4).

In the R&R, the Magistrate Judge recommended that Miller's motion to dismiss be denied, but that its motion for summary judgment be granted. (Doc. No. 45 at pp. 16, 20). The Magistrate Judge recommended a denial of the motion to dismiss because the style of font used in Miller's signs (namely, the italicization: "*Miller's* ALE HOUSE") was not raised in Miller's previous Eleventh Circuit case; therefore, issue preclusion does not require dismissal because the issues are not identical. (*Id*. at p. 16). However, the Magistrate Judge recommended granting the summary judgment motion because the evidence offered by Miller's is insufficient to establish a genuine issue of material fact. (*Id*. at p. 19). The Magistrate Judge reasoned that Miller's evidence only amounts to a showing of confusion among consumers in central Florida but does not establish a de facto secondary meaning, which requires a showing that the general public, outside of just central Florida, associates the font and style of the sign with Miller's. (*Id*.)

## II.     LEGAL STANDARD

District courts review *de novo* any portion of a magistrate judge's disposition of a dispositive motion to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331, 336 n.3 (11th Cir. 2011) (per curiam).[3] The district judge may reject, modify, or accept in whole or in part the magistrate judge's recommended disposition, among other options. Fed. R. Civ. P. 72(b)(3). *De novo* review of a magistrate judge's findings of fact must be "independent and based upon the record before the court." *LoConte v. Dugger*, 847

---

[3] Unpublished Eleventh Circuit cases are persuasive, but not binding.

F.2d 745, 750 (11th Cir. 1988). The district court "need only satisfy itself that there is no clear error on the face of the record" in order to affirm a portion of the Magistrate Judge's recommendation to which there is no timely objection. Fed. R. Civ. P. 72 advisory committee's note (1983) (citations omitted); *see also*, *Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993).

"Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Travelers Prop. Cas. Co. of Am. v. Moore*, 763 F.3d 1265, 1268 (11th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). A court ruling on a motion for summary judgment must "resolve all ambiguities and draw reasonable factual inferences from the evidence in the non-movant's favor." *Id.*

## III.   DISCUSSION

As an initial matter, the Court notes that neither party has objected to the Magistrate Judge's analysis of DCCM's motion to dismiss and recommendation that this motion be denied because the issues are not identical. The undersigned Judge adopts this analysis in its entirety. Second, the Magistrate Judge recommended that DCCM's motion for summary judgment be granted. (Doc. No. 45 at p. 16). The undersigned Judge will adopt and confirm the Magistrate Judge's recommendation to grant summary judgment in DCCM's favor with the following modifications to the analysis.

### A.   *Section 43(a) Claim for False Designation of Origin*

The Lanham Act, 15 U.S.C. § 1125(a), provides for two distinct claims of unfair trade practices: unfair competition pursuant to § 1125(a)(1)(A) and false advertising pursuant to § 1125(a)(1)(B). *Synergy Real Estate of SW Fla., Inc. v. Premier Prop. Mgmt. of SW Fla., LLC*, 578 F. App'x 959, 961 (11th Cir. 2014). In the present case, Miller's brings a cause of action for unfair

competition specifically known as false designation of origin or "passing off." (Doc. No. 1 ¶¶ 27–33). In general terms, a claim for "passing off" arises "when a producer misrepresents his own goods or services as someone else's." *Custom Mfg. & Eng'g Inc. v. Midway Servs. Inc.*, 508 F.3d 641, 647 (11th Cir. 2007). In the Eleventh Circuit, to establish a prima facie case of false designation of origin under § 1125(a), a plaintiff must show (1) that the plaintiff had enforceable rights in the mark or name, and (2) that the defendant made an unauthorized use of the mark causing a likelihood of confusion among consumers.[4] *Id.*; *see also*, *Tartell v. S. Fla. Sinus & Allergy Ctr., Inc.*, 790 F.3d 1253, 1257 (11th Cir. 2015) ("A plaintiff must prove that his service mark is 'distinctive' to establish a claim for cybersquatting, 15 U.S.C. § 1125(d)(1)(A)(ii)(I), for false designation of origin . . . , and for unfair competition . . . ."); *Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1348 (11th Cir. 2012); *McCaskill v. Ray*, 279 F. App'x 913, 917 (11th Cir. 2008) (to establish a prima facie case of false designation of origin under § 1125(a), "a plaintiff must show (1) that the plaintiff had enforceable trademark rights in the mark or name, and (2) that the defendant made unauthorized use of it such that consumers were likely to confuse the two."); *TracFone Wireless, Inc. v. Washington*, 978 F. Supp. 2d 1225, 1233 (M.D. Fla. 2013); *Bentley Motors Ltd. Corp. v. McEntegart*, 976 F. Supp. 2d 1297, 1314 (M.D. Fla. 2013). At least two courts in this district have recognized that a claim for "trademark infringement, 15 U.S.C. § 1114(1), and a false designation of origin claim (also known as unfair competition), 15 U.S.C. § 1125(a)(1), are measured by identical standards." *Kobe Japanese Steak House of Fla., Inc. v. XU, Inc.*, No. 8:14-CV-490-T-23MAP, 2014 WL 6608967, at *3 (M.D. Fla. Nov. 20, 2014); *see also*,

---

[4] In Miller's Response in Opposition to Defendant's Motion, Miller's argues that "an unfair competition claim may lie in connection with use of a generic term where a trademark infringement claim fails." (Doc. No. 30 at p. 5). Miller's proposition is supported entirely by case law that predates 1999 and is primarily law from other circuits. This Court is bound by Eleventh Circuit precedent.

*Warner Bros. Entm't Inc. v. Phillips*, No. 6:14-CV-1294-ORL-37, 2015 WL 4590519, at *6 (M.D. Fla. July 28, 2015).

In *Knights Armament Co. v. Optical Sys. Tech. Inc*., the Eleventh Circuit affirmed the undersigned Judge's determination that the defendant, a competitor of the plaintiff, could not prevail on its counterclaim for trademark infringement because the defendant's merely descriptive mark had not obtained secondary meaning prior to the plaintiff's use of the mark. 654 F.3d 1179, 1189 (11th Cir. 2011). Importantly, in affirming this determination, the Eleventh Circuit declined to consider the defendant's alternative counterclaim for unfair competition and false designation of origin pursuant to § 1125(a) because the defendant did not have enforceable rights in the mark. *Id*. at 1189 n.19. ("As the district court concluded that [the defendant] did not have enforceable rights in the . . . mark . . . , [the defendant] does not prevail on its remaining unfair competition counterclaims."). Therefore, Eleventh Circuit precedent requires that a plaintiff have enforceable rights in a mark or name in order to prevail on a false designation of origin claim pursuant 15 U.S.C. § 1125(a).

The Court finds Miller's attempt to label its claims as distinct from that of a trademark infringement claim unpersuasive. "[A]n unfair competition claim based only upon alleged trademark infringement is practically identical to an infringement claim." *Knights Armament Co. v. Optical Sys. Tech., Inc*., 647 F. Supp. 2d 1321, 1336 (M.D. Fla. 2009) *aff'd*, 654 F.3d 1179 (11th Cir. 2011). The only difference between the present case and the Miller's case decided by the Eleventh Circuit in 2012 is that DCCM uses italics in its sign.[5] However, as DCCM emphasized, and Miller's has conceded, Miller's only occasionally uses italics in its signage and does not do so

---

[5] Notably, in Miller's Eleventh Circuit brief for *Millers Ale House v. Boynton Caroline Ale House, LLC,* Miller's raised the claims of unfair competition and false designation of origin as an alternative theory of liability. (Doc. No. 42-4 at pp. 33–34).

for the geographical prefix. (*See* Doc. No. 21 at p. 16; Doc. No. 30 at pp. 10–11). Aside from DCCM's use of italics, the issues in this case bear striking similarity to those recently decided by the Eleventh Circuit in *Millers Ale House Inc.*, 702 F.3d at 1321. There, the Eleventh Circuit held that Miller's use of "[geographical prefix] ALE HOUSE" in red block letters on the side of its restaurant could not receive trademark protection.[6] *Id.* In the present case, the issue is DCCM's use of *Davenport's* ALE HOUSE in red block letters. Davenport's is a geographical prefix because the restaurant is located in Davenport, Florida. (Doc. No. 30 at p. 17). Notably, Miller's does not italicize the geographical prefix in its signs. The Court finds that Miller's false designation of origin claim is premised on nearly identical allegations as its trademark infringement claim. Because Miller's has not established that it has enforceable rights in a mark or name, the Court will grant summary judgment in DCCM's favor.

### B.  Miller's Objections

The majority of Miller's objections to the R&R are based on whether the appropriate geographical area for the likelihood of consumer confusion element is central Florida or nationwide. (Doc. No. 46 at pp. 4, 9–17). Since the Court concludes that Miller's cannot succeed on its false designation of origin claim because it lacks enforceable rights in a mark or name, the Court need not address the relevant geographical market for purposes of the likelihood of consumer confusion element. Accordingly, the Court will deny Miller's motion to conduct discovery to address the issue of consumer association nationwide and its Fed. R. Civ. P. 56(d)

---

[6] The Eleventh Circuit indicated that Miller's may be able to succeed on its claim for trademark protection if it shows that the previously generic term has subsequently gained trademark protection—this requires a showing that there has been a "drastic change" in the public's perception of the term "ale house." *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 702 F.3d 1312, 1320 (11th Cir. 2012). In the present case, Miller's claims this is not a trademark case and that it does not seek to re-litigate the "genericness" issue. (Doc. No. 30 at p. 2). Thus, the issue of re-capturing the generic phrase "ale house" is not before the Court.

motion requesting that the Court refrain from granting summary judgment without permitting discovery of nationwide consumer association. (Doc. No. 46 at p. 17). The Court determines that both motions are moot. Similarly, the Court will deny Miller's Fed. R. Civ. P. 56(f) motion because Miller's had ample opportunity to address the requirements of its false designation of origin claim as DCCM raised the issue in its motion to dismiss. (*See* Doc. No. 21 at pp. 17–18).

Additionally, Miller's objects to the R&R on the grounds that the Magistrate Judge "dissected" Miller's signs into component parts rather than viewing the signs as a whole. (Doc. No. 46 at p. 19). The undersigned Judge disagrees. In the R&R, the Magistrate Judge merely identified the only distinguishing feature in the present case from that considered by the Fourth and Eleventh Circuits in the prior Miller's decisions: "[t]he only difference here is Miller's inclusion of allegations regarding similar font styles." (Doc. No. 45 at p. 19). The Magistrate Judge did not isolate and compare the italicized portions of the parties' respective signs. Rather, the Court views the signs precisely as Miller's suggests: "the presence of red letters, the same final phrase 'Ale House' preceded by a geographical term, the first word in italics and the remainder in block letters." (Doc. No. 54 at p. 4). Therefore, the Court, after considering Miller's sign as a whole and carefully considering Miller's arguments in support of its false designation claim, concludes that there is no genuine issue of material fact that Miller's lacks a protectable interest in its signs [geographical prefix] ALE HOUSE. Because Eleventh Circuit precedent requires protectable rights in a mark or name for a false designation of origin claim, the Court will grant DCCM's motion for summary judgment.

Last, the Court must consider whether DCCM is entitled to summary judgment on Miller's state law claims brought under Florida's common law of unfair competition and Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq* (Counts II & III). The analysis of the

Florida statutory and common law claims of unfair competition is the same as that under federal law. *See Investacorp, Inc. v. Arabian Inv. Banking Corp.*, 931 F.2d 1519, 1521 (11th Cir. 1991). Therefore, because Miller's failed to establish that it has protectable rights in a mark, DCCM is entitled to summary judgment with respect to the state law claims. *See Gift of Learning Found., Inc. v. TGC, Inc.*, 329 F.3d 792, 802 (11th Cir. 2003) (granting summary judgment on state law claims because plaintiff failed to establish it had a protectable mark and the analysis for state law claims is the same.).

## IV.   CONCLUSION

Based on the foregoing, it is ordered as follows:

1.     The Plaintiff Miller's Ale House Inc.'s Objection (Doc. No. 46), filed on December 2, 2015, is **OVERRULED**.

2.     The Report and Recommendation (Doc. No. 45), issued November 18, 2015, is **ADOPTED and CONFIRMED** and made a part of this Order in accordance with the modifications provided herein.

3.     The Defendant DCCM Restaurant Group, LLC's Motion to Dismiss and Motion for Summary Judgment (Doc. No. 21), filed on September 18, 2015, is **DENIED in part** and **GRANTED in part**. Defendant DCCM Restaurant Group, LLC's Motion to Dismiss is **DENIED**. For the reasons provided herein, Defendant DCCM Restaurant Group, LLC's Motion for Summary Judgment on Plaintiff Miller's Ale House Inc.'s federal and state law claims (Counts I, II, and III), is **GRANTED**.

4.     The Clerk shall enter a final judgment providing that Plaintiff Miller's Ale House Inc. shall take nothing on its claims asserted in the Complaint against Defendant DCCM Restaurant

Group, LLC. The judgment shall also provide that the Defendant shall recover its costs of this action.

      5.      All remaining pending Motions are **DENIED** as moot.

      6.      The Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on March 16, 2016.

ANNE C. CONWAY
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties
Magistrate Judge